(56 Misc. Rep. 687.)

### P. H. & F. M. ROOTS CO. v. NEW YORK FOUNDRY CO.

(Supreme Court, Appellate Term.  December 20, 1907.)

1. SALES—BREACH OF WARRANTY—RESCISSION—BUYER'S DUTY.

Where there was a breach of warranty respecting machinery weighing
18,000 pounds and erected in the buyer's factory, and the buyer rescinded
the contract and notified the seller to remove the machinery, but on the
seller's request and promise to substitute other machinery the buyer permitted it to remain on his premises, holding it at the disposal of the seller,
who failed to keep its promise, the buyer was not bound to remove the
machinery and actually deliver it to the seller.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 43, Sales, §§ 303-308.]

2. SAME—ACTION FOR PRICE—QUESTION FOR JURY.

In an action on a note for machinery, it was improper to direct a verdict
for plaintiff, where defendant's testimony showed a rescission by it for
breach of warranty.

Appeal from City Court of New York, Trial Term.

Action by the P. H. & F. M. Roots Company against the New York Foundry Company. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

See 104 N. Y. Supp. 785.

Argued before GILDERSLEEVE, P. J., and McCALL, and FORD, JJ.

John L. Walsh, for appellant.

Burke & Fay (Daniel Burke, of counsel), for respondent.

PER CURIAM. The action is brought upon a promissory note given by defendant for the purchase price of a machine called a "blower." . The case has been tried several times. On the first trial defendant obtained a verdict in its favor. The Appellate Term reversed the judgment on the ground, principally, that a rescission of the contract was not pleaded. The defendant did not amend its pleadings, and upon the second trial was not allowed to show a rescission, It thereupon obtained leave to withdraw a juror, and applied at Special Term for permission to amend its answer. This motion was denied, and defendant appealed from the order entered thereon, which appeal was dismissed. Pending this appeal the case was again tried upon the original pleadings, and the court directed a verdict for plaintiff. Upon appeal the Appellate Term reversed the judgment on the ground that:

"Inasmuch as evidence was admitted, without objection and without contradiction, which tended to show that, in point of fact, defendant had disaffirmed the contract, on account of the failure of plaintiff's warranty or the misrepresentations of its agents, and had given plaintiff notice of such rescission, and had requested plaintiff to take back the blower, * * * it was error to direct a verdict for plaintiff."

The defendant then made another motion at Special Term for permission to amend its answer, which motion was granted, and the answer was amended by inserting the following allegation, viz.:

"That, owing to the failure of the plaintiff's warranties and representations, this defendant disaffirmed the said contract to purchase and the note dated March 21, 1906, for $1,100, and rescinded the said contract of purchase, and notified said plaintiff of the defendant's disaffirmance and rescission of said contract with the plaintiff herein; and thereupon this defendant offered and tendered to plaintiff a return of the said No. 7 Root's positive blower, and the defendant is now and has been at all times ready and willing to return the said blower to the plaintiff in this action."

Upon the amended pleadings the case was tried again, and the court directed a verdict for the plaintiff. Defendant appeals.

If the issue raised by defendant's evidence had been submitted to the jury, and such evidence believed by them, they would have been justified in finding that there was a warranty that the blower in question could be run, not only by a 38-horse power, as required by defendant, but even by a 20-horse power; that the blower failed to meet this requirement; that defendant thereupon rescinded the contract and notified the plaintiff to remove the blower, but, at plaintiff's special request and promise to substitute another blower for the defective one, permitted the said blower to remain on defendant's premises,

holding it, however, at the disposal of the plaintiff who failed to redeem its promise. The blower in question was a heavy piece of machinery, weighing some 18,000 pounds, and had been erected in defendant's factory. Under the circumstances presented by defendant's evidence, \it was not incumbent on defendant to remove the blower itself and actually deliver it to plaintiff. The issues raised a question of fact, which should have been submitted to the jury, and it was error for the court to direct a verdict.

The judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event.